NATHANIEL PAGE, JR. *vs.* THOMAS MELVIN, Executor.

The *St.* of 1855, c. 283, excepting from the operation of the *St.* of 1852, c. 294, § 1, (which limited the time of bringing actions against executors and administrators to two years from the filing of their official bond,) any right which had accrued or existed against any deceased person or his executor or administrator prior to its passage, does not revive a right of action barred by the *St.* of 1852 before the passage of the *St.* of 1855.

SHAW, C. J. It appears by the report in the present case that the action is on a promissory note not barred by the general

statute of limitations at the decease of the testator. The defendant was appointed executor and gave bond on the 12th of April 1853. This suit was brought on the 18th of June 1855, more than two years, but less than four years, from the time when the executor gave bond.

The defendant relied on the statute of limitations of 1852, *c.* 292, limiting actions against executors and administrators to two years from the time of giving bond. As the defendant in this case became executor and gave bond after the passage of the *St.* of 1852, and this action was brought more than two years after the defendant gave bond, it would appear that this was a bar. But the plaintiff insisted that it was saved by the *St.* of 1855, *c.* 283. This act was passed on the 2d of May 1855, and by its terms took effect from its passage.

Between the times of passing the two statutes, the case of *King* v. *Tirrell*, 2 Gray, 331, had been decided, determining that the *St.* of 1852 could not so far have a retroactive effect as to apply to cases where administration had been taken and bond given before that statute was passed, and where by operation of preëxisting laws the creditor had four years in which to bring his action. In this state of the law the later act was passed. It is uncertain whether the full and authentic report of that case was then published; but the legislature probably had some knowledge that such a decision had been made.

The *St.* of 1855, which is very short, provides that § 1 of *St.* 1852, *c.* 294, " shall not apply, or be construed to apply, to any right of action of any creditor of the estate of a deceased person against the executor or administrator of such person, which had accrued or existed against such deceased person, his executor or administrator, prior to the passage of said act."

By the case of *King* v. *Tirrell* it was decided that the *St.* of 1852 could not apply to cases where administration had been taken and bond given before that act passed, because it would be giving it a retroactive operation, which it could not be presumed that the legislature intended. But as that reason would not apply to cases where administration was taken and bond given after the act of 1852 passed, and there was no additional

18 *

statute altering or modifying it, the court assumed that in a case occurring after the statute the two years' limitation would apply. Such application would not give it a retroactive operation ; and as an act governing new cases it seemed unobjectionable.

In the present case, administration having been taken and bond given after the act of 1852, the plaintiff endeavored to avoid the two years' bar by relying upon that clause in the *St.* of 1855, which provides that the act of 1852 shall not apply to any case in which the cause of action accrued to the plaintiff before its passage. There is an obscurity in the clause, which renders it doubtful whether the legislature intended to except a case where the cause of action against the executor or administrator accrued to the creditor, or whether it extended to a case where the cause of action accrued against the debtor in his lifetime.[*]

But there is no necessity, for the purposes of this case, to express any opinion upon this question, because there is another, free from doubt, upon which the court are of opinion that this case must be decided. Letters testamentary were issued and bond given on the 12th of April 1853. The act of 1852 was then in full force. The two years' limitation expired on the 14th of April 1855, some weeks before the passage of the *St.* of 1855. The lapse of this term of limitation, as the law then stood, had become an absolute and complete bar to the plaintiff's action against the executor, and the subsequent statute could not so operate as to remove and take away a bar thus complete and absolute. It is no doubt competent for the legislature to enlarge and extend a term of limitations of actions. This was repeatedly done in regard to the general statute of limitations, which was extended, we think, more than once after the time first fixed for it to go into operation. The legislature may also, we think, prospectively diminish and shorten a term of limitation, by a general statute, provided reasonable time is left between the passage of the act and the time when it is to take effect, to enable all persons concerned to bring their actions.

But it has been held, and we think on satisfactory grounds, that where a statute of limitations has taken effect and become

---

[*] See *Thompson* v. *Burnham*, 13 Gray, 211.

a bar, a subsequent alteration of the law of limitation will not operate retroactively so as to remove such bar. *Wright* v. *Oakley*, 5 Met. 400. In this case the limitation took effect in the middle of April; the act relied on was passed in May after, and therefore the plaintiff's right of action was barred.

By the operation of the *St.* of 1852, fixing the two years' limitation, the right of action in the present case, upon the construction in *King* v. *Tirrell*, did not apply to a case where the administration was taken and bond given after 1852, which was the present case, and the action was barred on the 12th of April 1855, before the *St.* of 1855. But the attempt to avoid this result on the part of the plaintiff was that it is within the exception in the statute which provides that the former act shall not apply to a case where the cause of action against the estate of the deceased, his executor or administrator, accrued prior to the passage of the act of 1852, and that this was so, because the cause of action against the deceased during his lifetime accrued before 1852, and therefore it should not apply to this case, in which the cause of action did so accrue. But a majority of the court are of opinion that this is not the true construction, but that the statute means the cause of action accruing against the estate, that is, the executor or administrator, and meant therefore to provide by law what in effect the court had decided, that it should apply to shorten the time of limitation where the executor or administrator had given bond before the passage of the act of 1852. The whole object of both statutes was to fix the time of limitation against an executor or administrator, with no reference whatever to the general statute of limitations, or to the rule of law fixing the time when an action accrues against a living person.

In construing the statute, we consider that this case is not within the act of 1855, because the cause of action against the executor did not accrue before May 1852. Then the action being already barred by the *St.* of 1852, the *St.* of 1855 did not open it, by the description of actions to which it was declared it should not apply; the *St.* of 1852 did apply and did bar the action, and this was not opposed by the statute of 1855.

It is said that on this construction the *St.* of 1855 had nothing to which it could apply ; but this seems not to be so. It was passed in May 1855, and related to May 1852. Administrations may have been taken between June 1851 and May 1855, under which causes of action had accrued against an administrator before May 1852, and thus could come under the operation of the statute.

Though coming to the same conclusion for different reasons, the court are all of opinion that the bar relied on by the defendant was not removed by the *St.* of 1855, and that judgment is to be rendered for the defendant.

*Judgment for the defendant.*

*C. T. Russell*, for the plaintiff.

*W. Brigham*, for the defendant.